1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10
                             ----oo0oo----
11
12  TODD SHOOK, HERSCHEL              CIV. NO. 1:14-1415 WBS BAM
    BERRINGER on behalf of
13  himself and others similarly     MEMORANDUM AND ORDER RE: MOTION
    situated, and on behalf of       TO DISMISS
14  all other "aggrieved"
    employees,
15
                Plaintiffs,
16
         v.
17
    INDIAN RIVER TRANSPORT CO., a
18  Florida Corporation, and DOES
    1-10, inclusive,
19
                Defendants.
20
21                           ----oo0oo----
22       Plaintiffs, truck drivers employed by Indian River
23  Transport Co. ("IRT"), brought this action on behalf of
24  themselves and similarly aggrieved employees against IRT for its
25  failure to compensate employees for performing certain work.
26  Presently before the court is IRT's motion to dismiss pursuant to
27  Federal Rule of Civil Procedure 12(b)(6) for failure to state a
28
                                    1

claim upon which relief can be granted.  (Docket No. 11.)

I. Factual and Procedural Background

　　　　IRT is a food-grade tank carrier providing transportation services throughout the United States with offices in Turlock, California.  (Compl. ¶ 8.)  Plaintiffs and prospective class members are past and current truck drivers employed by IRT within the state of California.  (Id. ¶¶ 7, 15.)  Their job responsibilities include making deliveries to businesses located throughout California, (id. ¶ 7), for which IRT compensates them based on a flat per diem rate, (id. ¶ 63).

　　　　Plaintiffs allege that during their employment they were subject to several violations of California labor laws committed by IRT.  Plaintiffs bring the following claims against IRT under California law: (1) unlawful failure to provide legally mandated rest breaks in violation of Labor Code section 226.7; (2) failure to furnish accurate itemized wage statements in violation of Labor Code section 226; (3) violation of the Private Attorney General Act, Labor Code section 2699 et seq.; (4) violation of the California Business and Professions Code section 17200; (5) failure to compensate employees for non-driving work before and after their shifts in violation of California's minimum wage; and (6) failure to timely pay compensation and wages to former employees whose employment terminated as required by Labor Code sections 201-02.  IRT moves to dismiss under Rule 12(b)(6), arguing the Federal Aviation Administration Authorization Act ("FAAAA") preempts all of plaintiffs' claims, and in the alternative, that plaintiffs' first claim should be dismissed because it fails on separate grounds.

II. <u>Discussion</u>

On a Rule 12(b)(6) motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), overruled on other grounds by <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a plaintiff pleads facts that are "merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 557).

On a motion for summary judgment the court looks to evidence, <u>see</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986) (noting the court must determine whether there is sufficient evidence to create a triable issue), but the same is not true on a motion to dismiss where the court is limited to the allegations in the plaintiff's Complaint, <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998). IRT nevertheless requests that the court look outside pleadings to consider the minutes of a meeting of the Industrial Welfare Commission of the State of California, dated March 7, 1947. (Req. for Judicial Notice at 2 (Docket No. 11-2).)[1] IRT asserts these meeting minutes are part

---

[1] Both parties also request that the court take judicial notice of proceedings before the Ninth Circuit. The court "may

3

1 of the legislative history of Wage Order No. 9. It relies on the
2 contents of the document to support its proposition that Bluford
3 v. Safeway Stores, Inc., 216 Cal. App. 4th 864 (3d Dist. 2013), a
4 case favorable to plaintiffs, was wrongly decided. (Def.'s Mem.
5 at 9 (Docket No. 11-1).)

6      The Ninth Circuit has held that a court *may* take
7 judicial notice of matters of public record in deciding a motion
8 to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th
9 Cir. 2001), impliedly overruled on other grounds as recognized by
10 Gollardo v. Dicarlo, 203 F. Supp. 2d 1160, 1162 n.2 (C. D. Cal.
11 2002). The court is not required to do so. See id. (noting a
12 court "*may*" take judicial notice of matters of public record and
13 reviewing the district court's decision to take notice for abuse
14 of discretion (emphasis added)). Several factors counsel against
15 taking judicial notice here. IRT does not provide the court with
16 any information related to the source of the 1947 meeting
17 minutes, so the court cannot readily ascertain whether the
18 document is in fact legislative history, as IRT suggests, or that
19 it is complete. Moreover, Rule 201, which IRT cites as a basis
20 for its request for judicial notice, is of limited assistance,
21 because "a court can only take judicial notice of the existence
22 of those matters of public record (the existence of a motion or
23 of representations having been made therein), but not of the
24 veracity of the arguments and disputed facts contained therein."

---

26 take notice of proceedings in other courts, both within and
without the federal judicial system, if those proceedings have a
27 direct relation to matters at issue." United States ex. rel.
Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244
28 (9th Cir. 1992) (internal quotation marks and citation omitted).

United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (Wanger, J.).  Accordingly, the court will deny IRT's request for judicial notice.

### A. Preemption by the FAAAA

The preemption doctrine stems from the Supremacy Clause of the Constitution and concerns the primacy of federal laws.  Felt v. Atchison, Topka & Santa Fe Ry. Co., 60 F.3d 1416, 1418 (9th Cir. 1995).  "In the interest of avoiding unintended encroachment on the authority of the States . . . a court interpreting a federal statute pertaining to a subject traditionally governed by state law will be reluctant to find preemption" unless there is a "clear and manifest purpose of Congress."  CSX Transp., Inc., v. Easterwood, 507 U.S. 658, 663-64 (1993) (internal quotation marks and citation omitted).  "Federal preemption is an affirmative defense upon which the defendants bear the burden of proof."  Fifth Third Bank ex rel. Trust Officer v. CSK Corp., 415 F.3d 741, 745 (7th Cir. 2005).  IRT argues the FAAAA preempts plaintiffs' rest break and wage claims, as well as the remaining claims, which it calls "derivative" of the break and wage claims.  (Def.'s Mem. at 7, 10.)

"The principal purpose of the FAAAA was to prevent States from undermining federal deregulation of interstate trucking through a patchwork of state regulations."  Dilts v. Penske Logistics, LLC, 769 F.3d 637, 644 (9th Cir. 2014) (internal quotation marks and citation omitted).  The FAAAA's preemption clause provides: "States may not enact or enforce a law . . . related to price, route, or service of any motor

5

carrier . . . with respect to the transportation of property."
49 U.S.C. § 14501(c)(1).  Although the text is "deliberately
expansive," "the FAAAA does not go so far as to preempt state
laws that affect prices, routes, or services in 'only a tenuous,
remote, or peripheral manner, as state laws forbidding
gambling.'"  Dilts, 769 F.3d at 643 (quoting Rowe v. N.H. Motor
Transp. Ass'n, 552 U.S. 364, 371 (2008)).  "The sorts of laws
that Congress considered when enacting the FAAAA included
barriers to entry, tariffs, price regulations, and laws governing
the types of commodities that a carrier could transport," and not
"generally applicable state transportation, safety, welfare, or
business rules that do not otherwise regulate prices, routes, or
services."  Id. at 644.

In Dilts, in which truck drivers also alleged their
employer denied them meal and rest periods in violation of
California Labor Code section 226.7, the Ninth Circuit
unequivocally held that the FAAAA does not preempt the
application of California's meal and rest break laws to truck
drivers.  Id. at 647.  Dilts thus expressly applies to
plaintiffs' first claim for failure to provide break periods,
holding the FAAAA does not preempt that claim.  The court
reasoned that, like state minimum wage laws, "[a] state law
governing hours is . . . not 'related to' prices, routes, or
services and therefore does not contribute to 'a patchwork of
state service-determining laws, rules, and regulations.'"  Id. at
647 (citing Rowe, 552 U.S. at 373).  Dilts's holding also applies
to plaintiffs' other claims for violations of "normal background
rules for almost all employers doing business in the state of

6

California," because such rules are "'broad law[s] applying to hundreds of different industries' with no other 'forbidden connection with prices[, routes,] and services.'" Id. (quoting Air Transp. Ass'n v. City and County of San Francisco, 266 F.3d 1064, 1072 (9th Cir. 2011)) (alterations in the original).

Despite Dilts's reasoned holding, which draws on the Supreme Court's interpretation of the FAAAA's preemption clause, id. at 645 (citing Rowe, 552 U.S. at 371), IRT nevertheless argues that the FAAAA preempts all of plaintiffs' claims. IRT argues that Dilts is limited to cases involving truck drivers whose routes lie exclusively within one state. (Def.'s Mem. at 6.) IRT relies on the concurring opinion of Judge Zouhary, a district judge from Ohio sitting by designation, who observed that Dilts was not about "FAAAA preemption in the context of interstate trucking . . . ." (Def's Mem. at 6 (quoting Dilts, 769 F.3d at 651 (Zouhary, J. concurring))).

The court reads footnote two of the Dilts majority opinion as rejecting Judge Zouhary's narrow reading of the majority's holding.[2] The majority noted that although it remains an open issue whether federal law can preempt state law on an as applied basis, it "need not resolve that issue," because "California's meal and rest break laws, as generally applied to

---

[2] Insofar as Judge Zouhary's view on the limitation of the majority's holdings in Dilts disagrees with the majority opinion, that opinion is still binding on this court. See Hart v. Massanari, 266 F.3d 1155 (9th Cir. 2001) ("Binding authority must be followed unless and until overruled by a body competent to do so.") The majority opinion states its rule on FAAAA preemption applies generally to motor carriers; it does not limit this rule to motor carriers conducting business entirely within the state of California. See Dilts, 769 F.3d at 648 n.2.

1  motor carriers, are not preempted."  Id. at 648 n.2.  The
2  majority further noted that even if it construed defendant's
3  argument as an as applied challenge, preemption would not apply
4  "in particular" to plaintiffs' claims because they worked short-
5  haul routes exclusively within the state of California.  Id.
6  This additional language is dicta, however, because the majority
7  makes clear its holding applies broadly.  The Dilts court thus
8  ruled that as a matter of law, the FAAAA does not preempt section
9  226.7's application to truck drivers, whether their routes are
10 intrastate or interstate.

11         Assuming arguendo that Dilts only applied to the
12 particular facts before the court, and that a "federal law
13 preempts a state regulatory scheme sometimes but not at other
14 times," id., the reasons IRT provides for why California's rest
15 break requirements have an adverse impact on prices, routes, and
16 services in this case are similar to those the Dilts court found
17 were unpersuasive.  First, IRT asserts that the administrative
18 burden of compliance with the rest break law would negatively
19 impact its prices.  (Def.'s Mem. at 5.)  IRT makes the same
20 argument with respect to plaintiffs' claim for unpaid wages.
21 (See id. at 10.)  The Dilts court, however, found that modestly
22 increased costs of doing business are not a cause for preemption.
23 Dilts, 769 F.3d at 648.  IRT also asserts that to minimize the
24 risk of rest break violations, IRT would need to examine and, in
25 some cases, restructure its routes.  (Def.'s Mem. at 5.)  The
26 Dilts court also rejected this reason, noting that altering
27 routes does not amount to the sort of "route control" Congress
28 sought to preempt.  Dilts, 769 F.3d at 649.  "Indeed, Congress

has made clear that even more onerous route restrictions, such as weight limits on particular roads, are not 'related to' routes and therefore not preempted." Id.

Under Dilts, the FAAAA does not preempt plaintiffs' rest break and unpaid wage claims. Likewise, the FAAAA does not preempt plaintiffs' other claims, which IRT argues are preempted because they are "derivative" of the rest break and unpaid wage claims.

### B. Unpaid Rest Breaks

Section 226.7 of the California Labor Code, together with Wage Order No. 9, which covers special regulations for working conditions in the transportation industry, mandate that employers permit employees to take 10-minute rest periods per every four hours worked. See Cal. Labor Code § 226.7; 8 C.C.R. § 11090(12). "Authorized rest period shall be counted as hours worked for which there shall be no deduction from wages." 8 C.C.R. § 11090(12)(A).

IRT compensates plaintiffs using a flat per diem rate. (Compl. ¶ 63.) Plaintiffs allege that they regularly worked without being permitted rest breaks, and that IRT failed to compensate them for rest breaks. (Id. ¶ 36.) Consequently, plaintiffs allege IRT is liable to plaintiffs for statutory damages of one hour of additional pay at the regular rate of compensation for each workday. (Id.); see § 226.7(c).

In Bluford, the California Court of Appeal held that "a piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law." Bluford v. Safeway Stores, Inc., 216 Cal.

9

App. 4th 864, 872 (3d Dist. 2013). <u>Bluford</u> involved truck drivers claiming their employer, Safeway, was required to pay them separately for their rest periods and did not do so because the store compensated them based on miles driven and specific tasks performed, and not on an hourly rate. <u>Id.</u> at 871. Safeway argued that the Wage Order only required that pay not be deducted for rest periods, and not that employers should have to pay for rest periods <u>in addition</u> to regular pay, such that they would essentially be "put[ting] employees on the clock just pay for rest periods." <u>Id.</u>  Rejecting those arguments, the court held that "employees must be compensated for each hour worked at either the legal minimum wage or the contractual hourly rate, and compliance cannot be determined by averaging hourly compensation." <u>Id.</u> at 872. Under <u>Bluford</u>, plaintiffs' allegations that they were not compensated separately for rest periods suffice to state a claim that IRT violated Wage Order No. 9.

IRT asks this court to ignore <u>Bluford</u>, to conclude there is no requirement that piece-rate workers be separately compensated for rest breaks. (Def.'s Mem. at 8.) Even if the court chose not to follow <u>Bluford</u> on the issue of whether IRT must separately compensate per diem employees for rest breaks, plaintiffs' first claim does not appear to hang in balance. The essence of that claim is that IRT failed to permit plaintiffs to take rest periods, <u>let alone compensate them for rest breaks</u>, which would entitle plaintiffs to statutory damages pursuant to § 226.7. While <u>Bluford</u> is applicable to plaintiffs' allegations that certain breaks were permitted, but not compensated, (<u>id.</u> ¶

10

36), IRT's attack on Bluford does not thwart plaintiffs' principal allegation, that no breaks were provided at all.  IRT does not argue that Wage Order No. 9 exempts piece-rate workers from being required to permit rest breaks all together, only that rest breaks for these workers need not be separately compensated.  (See Def.'s Mem. at 7-8.)  If IRT did not permit its employees ten-minute breaks for every four hours worked, then its employees would be entitled to statutory damages.

To the extent plaintiffs allege that breaks, where permitted, went uncompensated, IRT concedes that Bluford is on point, but urges the court to ignore the case's holding and instead engage in an independent analysis of the legislative history of Wage Order No. 9 to predict how the California Supreme Court might rule.  (Def.'s Mem. at 7-9.)  IRT "posits that if the California Supreme Court decided the issue of whether piece-rate workers must be permitted to take separately compensated rest periods, the answer would be no."  (Id. at 9.)  Other than its own interpretation of the statute, IRT offers no grounds for doubting that the California Supreme Court would agree with the Court of Appeal in Bluford.  IRT has not identified any split in the California appellate courts that would indicate there is disagreement over whether piece-rate workers must be separately compensated for breaks.

IRT argues that because the Wage Order is silent as to whether rest breaks must be separately compensated for piece-rate workers, the Wage Order's "plain language" means no separate compensation is required.  (Def.'s Mem. at 8.)  The Bluford court also considered the language of the Wage Order, however, and

relying on its plain meaning, as well as a court of appeal decision from another district,[3] the court came to a conclusion opposite to IRT's.  See Bluford, 216 Cal. App. 4th at 871-72. ("Employees are entitled to 'a paid 10-minute rest period per four hours of work.' The wage order's requirement not to deduct wages for rest periods presumes the drivers are paid for their rest periods.").

Because plaintiffs state a claim that IRT violated California labor law in denying them rest breaks and failing to compensate them for rest breaks taken pursuant to Bluford, and the court sees no reason to question the Court of Appeal's holding in that case, the court will deny IRT's motion to dismiss plaintiffs' first claim.

IT IS THEREFORE ORDERED that IRT's motion to dismiss be, and the same hereby is, DENIED.

Dated:  December 15, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] In Armenta the California Court of Appeal held that "all hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." Armenta v. Osmose, Inc., 135 Cal. App. 4th 314, 323 (2005). Bluford extended Armenta to hold that rest periods must be separately compensated in a piece-rate system. Bluford, 216 Cal. App. 4th at 872. Because "[rest periods are considered hours worked]," it logically follows that hours worked pursuant to a piece-rate system may not be used as a credit toward rest breaks, which, like other hours worked, must be separately compensated. See id. at 872 (applying Armenta to rest periods in a piece-rate system); see Reinhardt v. Gemini Motor Transport, 869 F. Supp. 2d 1158 (holding, prior to Bluford, that under Armenta "every hour work must be compensated" and finding that "distinguishing Armenta only on the basis that it did not involve a piece rate system is not persuasive").

12