UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TODD SHOOK, HERSCHEL BERRINGER on behalf of himself and others similarly situated, and on behalf of all other "aggrieved" employees,<br><br>        Plaintiffs,<br><br>    v.<br><br>INDIAN RIVER TRANSPORT CO., a Florida Corporation, and DOES 1-10, inclusive,<br><br>        Defendants. | CIV. NO. 1:14-1415 WBS BAM<br><br>ORDER GRANTING MOTION TO QUASH SUBPOENA |

----oo0oo----

Before the court is defendant's Motion to Quash Trial Subpoena for Steve Ferguson filed February 1, 2017. (Docket No. 65.) Federal Rule of Civil Procedure 45(c) imposes geographic limitations on the court's subpoena power, stating:

1

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> (i) is a party or a party's officer; or
> (ii) is commanded to attend a trial and would not incur substantial expense.[1]

It is undisputed that Mr. Ferguson resides in, is employed in, and regularly transacts business in Florida but not in California. Rule 45(d)(3)(A) goes on to state that "[o]n timely motion, the court . . . must quash or modify a subpoena that .. . . requires a person to comply beyond the geographical limitations specified in Rule 45(c)."

Thus, under the plain language of Rule 45, upon timely motion this court <u>must</u> grant the motion to quash plaintiffs' subpoena directing Mr. Ferguson to appear at trial. The motion here is timely, as it was filed on February 1, 2017, six days after the subpoena was served on January 26, 2017. (<u>See</u> Docket No. 67.) The fact that the motion was filed on the eve of trial is simply a result of plaintiffs' service of the trial subpoena on the eve of trial.

The fact that both parties designated Mr. Ferguson as a witness in their pretrial statements and that such designations were memorialized in the court's Pretrial Order, without objection by defendant, does not waive defendant's ability to

---

[1] Rule 45(c) was amended in 2013, and thus the language of the rule cited by plaintiff is out-of-date, and the case relied on by plaintiff has been abrogated. <u>See</u> Fed. R. Civ. P. advisory committee's note to 2013 amendment.

bring this motion. The court, by adopting the parties' witness lists, expressed no opinion as to whether any particular witness would be subject to this court's subpoena power under the Federal Rules.

The court notes that Mr. Ferguson's deposition has been taken as defendant's designee under Rule 30(b)(6) in this case. Accordingly, under Rule 32(a)(3) plaintiff may use his deposition at trial for any purpose. Further, because he is more than 100 miles from the place of trial, and plaintiff has been unable to procure his attendance by subpoena, plaintiff may also use his deposition for any purpose under Rule 32(a)(4).

Defense counsel also represented at the hearing that she is willing to work with plaintiffs' counsel to arrive at stipulations as to the facts to which Mr. Ferguson would be expected to testify at trial. The court encourages the parties to attempt to arrive at such stipulations in advance of trial.

For the foregoing reasons, IT IS HEREBY ORDERED that defendant's Motion to Quash Trial Subpoena for Steve Ferguson filed February 1, 2017 (Docket No. 65) be, and the same hereby is, GRANTED.

Dated: February 3, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE